UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FUK LING PAU,

                              Plaintiff,

                - against -

JIAN LE CHEN d/b/a "CHINA KING", NEW CHINA
KING LLC d/b/a "NEW CHINA KING", FANG RONG
ZHENG, JOHN DOES and JANE DOES #1-10

                              Defendants.

Case No. 3:14-cv-00841 (JBA)

**PLAINTIFF'S PRETRIAL MEMORANDUM**

A.      TRIAL COUNSEL

                    Jian Hang, Esq.
                    136-18 39th Avenue Suite 1003
                    Flushing, New York 11354
                    Tel.: (718) 353-8588
                    Fax: (718) 353-6288
                    jhang@hanglaw.com

B.      JURISDICTION

        This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq. and

28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the State Law claims pursuant to

28 U.S.C. § 1367 since it is so related to the FLSA claim that it forms part of the same case or

controversy.

        Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of

the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C.

§ 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

C.     <u>JURY/NON-JURY</u>

This case is a non-jury case and is to be tried by the Court.

D.     <u>LENGTH OF TRIAL</u>

The estimated length of trial is three (3) days.

E.     <u>FURTHER PROCEEDINGS</u>

At this time, Plaintiff sees no need for any further proceedings prior to trail.

G.     <u>NATURE OF THE CASE</u>

This is a wage and hour action pursuant to the Fair Labor Standards Act ("FLSA"), the minimum wage, overtime, and wage payment provisions of Connecticut law, and applicable regulations.  Plaintiff worked as a delivery man at Defendants' Restaurant.  He alleges that he did not receive the minimum wage nor did he receive overtime compensation of one and a half times the minimum wage, even though he typically worked more than 40 hours per week.

The Plaintiff brings the following causes of action against Defendants:

- Fair Labor Standards Act

  - Failure to pay Plaintiff the statutory minimum wage (29 U.S.C. § 206(a)(1))
  - Failure to pay overtime for all hours worked in excess of forty hours per week (29 U.S.C. § 207(a)(1)).
  - Failure to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 255(a).

- Connecticut Wage and Hour Law
  - Failure to pay state statutory minimum wage and overtime premiums for all hours worked in excess of forty hours per week.  (Conn. Gen. Stat. §§31-60, 31-76C.
  - Failure to distribute records of hours worked, earnings and overtime. (Conn.Gen.Stat. § 31-13a).
  - Failure to keep records of hours worked by Plaintiff.  (Conn. Gen. Stat. § 31-66).
  - Failure to post notice of the restaurant minimum wage order, Conn. State Agencies § 31-62-E1 and of regulations issued by the Labor Commissioner of the State of Connecticut.  (Conn.Gen.Stat. § 31-66).

2

- o Failure to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. (Conn.Gen.Stat. § 31-71f).
  - o Failure to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules. (Conn.Gen.Stat. § 31-71f).
  - o Failure to provide 30 consecutive minutes for a meal within a seven and one-half hour time period. (Conn.Gen.Stat. § 31-51ii(a)).

- Failure to Reimburse Expenses Relating to Tools of the Trade
  - o Failure to reimburse Plaintiff for $450 per month expended on gas, oil changes, car maintenance and repairs necessary for making deliveries.

- Relief Sought
  - o Declaratory Judgment that the practices complained of herein are unlawful under the FLSA and the CMWA.
  - o An award of overtime compensation and minimum wages due under the FLSA and the CMWA.
  - o An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C. § 216 and the CMWA.
  - o An award of prejudgment and post-judgment interest.
  - o An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and
  - o Such other and further relief as this Court deems just and proper.

H.   TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to, nor has Plaintiff consented to a trial by a Magistrate Judge.

I.   LIST OF WITNESSES

The Plaintiff intends to call the following witnesses at trial:

(1)   Fuk Lin Pau
      (c/o) 136-10 39th Avenue, Suite 1003
      Flushing, New York 11354

      Anticipated Testimony:  Plaintiff will testify as to all claims set forth in his Complaint.

(2)   Jian Le Chan
      211 Stillwater Avenue
      Stamford, Connecticut 06902

3

<u>Anticipated Testimony</u>: Plaintiff anticipates to examine Defendant Chan's management role at China King as well as his level of direct supervision over Plaintiff while he was employed by Defendants.  Plaintiff also will examine Defendant China King and New China King's payroll practices, as well as record keeping practices, and specifically the number of hours worked by Plaintiff while employed by Defendants, as well as the wages paid to him.

(3)      Fang Rong Zheng
         211 Stillwater Avenue
         Stamford, Connecticut 06902

<u>Anticipated Testimony</u>: Plaintiff anticipates to examine Defendant Rong's management role at China King as well as her level of direct supervision over Plaintiff while he was employed by Defendants.  Plaintiff also will examine Defendant China King and New China King's payroll practices, as well as record keeping practices, and specifically the number of hours worked by Plaintiff while employed by Defendants, as well as the wages paid to him

J.      <u>EXHIBITS</u>

Exhibit 1: Plaintiff's Complaint and Jury Demand (P00001-P00012)

Exhibit 2: Defendants' Answer (P00013-P00020)

Exhibit 3: China King Form 1040 for years 2011-2013 (P00021-P00026)

Exhibit 4: Plaintiff's W2 and 1099 Forms for 2013 (P00027-P00028)

Exhibit 5: Employee verification letter for Plaintiff on "China King Letterhead" (P00029)

Exhibit 6: Payroll register reports (P00030-P00032)

Exhibit 7: Plaintiff's First Set of Interrogatories with Answers (P00033-P00037)

Exhibit 8: Plaintiff's First Request for the Production of Documents (P00038-P00041).

Exhibit 9: Plaintiff's Bank of America account statements (P00042-P00057).

Exhibit 10: Deposition transcript of Defendant Jian Le Chen (P00058-P00075)

Exhibit 11: Deposition transcript of Defendant Fang Rong Zheng (P00076-P00083)

Exhibit 12: Deposition transcript of Defendant Fuk Lin Pau (P00084-P00115)

K.      <u>STIPULATIONS AND PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF</u>

LAW

Stipulated Findings of Fact:

Plaintiff was an employee of China King.

Plaintiff's Proposed Findings of Fact:

1.      Plaintiff was employed by Defendants from 2005 to July 24, 2013 as a delivery man at China King and New China King restaurants.  (Exhibit 1, Compl. ¶ 7)

2.      Defendants Chen and Zheng are owners and managers of China King Restaurant and at all times relevant to Plaintiff's allegations, had the power to hire and fire employees at the restaurants, establish their wages, set their work schedules, and maintain their employment records.  (Exhibit 1, Compl. ¶ 12).

3.      During Plaintiff's employment by Defendants he was paid a salary of $1,800 per month in 2006, $1,900 per month in 2007, $2,000 per month in 2008, $2,100 per month in 2009, and $2,200 per month from 2010 to July 24, 2013.  (Exhibit 1, Compl. ¶ 17)

4.      Plaintiff was paid cash throughout his employment by Defendants.  (Exhibit 1, Compl. ¶ 18).

5.      Defendants required Plaintiff to work thirteen and one-half (13.5) hours per day on Mondays, Wednesdays and Thursdays, approximately fourteen-and-one-half (14.5) hours per day on Fridays and Saturdays and approximately eleven (11) hours per day on Sundays. Plaintiff was usually provided one day off per week, but not on Saturdays or Sundays. Plaintiff typically worked eighty-and-one-half (80.5) hours per week.  (Exhibit 1, Compl. ¶ 19)

6.      Plaintiff was not provided with any overtime compensation for hours worked in excess of forty (40) hours per week.  (Exhibit 1, Compl. ¶ 20).

7.       Plaintiff typically received two 10-minute breaks for meals each work day that were regularly interrupted if work arose.  (Exhibit 1, Compl. ¶ 21).

8.       To deliver meals, Plaintiff purchased a car.  Plaintiff spent approximately $450 per month on gas, oil change, car maintenance and repair.  Defendants failed to reimburse Plaintiff for any expenses related to use of Plaintiff's vehicle for the making of deliveries. (Exhibit 1, Compl. ¶ 21)

9.       Plaintiff failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace.  (Exhibit 1, Compl. ¶ 23)

10.      Plaintiff did not supervise other employees, nor did he have hiring firing authority or any other managerial responsibilities requiring the exercise of independent business judgment.  (Exhibit 1, Compl. ¶ 29).

Plaintiff's Proposed Conclusions of Law

1.       Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods in the Plaintiff's complaint.

2.       At all relevant times Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

3.       Defendants are jointly and severally liable to Plaintiff for all violations under the Fair Labor Standards Act and Connecticut Law.  29 C.F.R. § 791.2

4.       The FLSA and the Connecticut Minimum Wage Act generally require employers to pay certain minimum wages as well as a premium overtime rate to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1); Conn.Gen.Stat. §§31-60, 31-76C.

5.      Specifically, employers must pay employees at least one-and-one-half times their regular rate of pay for each hour worked in excess of 40 in a week. 29 U.S.C. § 207(a)(1); Conn.Gen.Stat. §§31-60, 31-76C.

6.      Regardless of whether an employee is paid on a piecework, hourly, commission, or other basis, he must be paid the equivalent of the required overtime for hours worked.  29 C.F.R. § 776.5 provides that the requirement to pay overtime is not dependent on the method of compensation of employees.

7.      The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c); *See*, *Anderson v. Mt. Clemens Pottery, Co.*, 328 U.S. 680, 686 (1946).

8.      Where an employer fails to maintain proper workers "an employer has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of the that work as a matter of just and reasonable inference." *Id* at 687; *Reich v. S. New England Telecom, Corp.*, 121 F.3d 58, 66 (2d. Cir. 1997); *Arasimowicz v. All Panel Sys. LLC*, 948 F.Supp.2d 211, 224 (D. Conn. 2013).

9.      Where the various sources of information conflict with respect to the hours worked, the Court relies on the employee's testimony.  *Solis v. Tally Young Cosmetics, LLC*, 2011 U.S. Dist. Lexis 35333, 2011 WL 1240341 (E.D.N.Y. March 4, 2011); *Zeng Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. Lexis 118533, 2004 WL 30412, at *3 (S.D.N.Y. Jan. 7, 2004).

10.     Like income tax returns, applications for workers compensation, or other benefits filled out by Plaintiff should not be admissible in FLSA cases due to the private nature of

the sensitive information contained therein, and in part due to the public interest in encouraging the submission of accurate information. *Chen v. Republic Restaurant Corp.*, 2008 U.S. Dist. Lexis 24000 *4, 2008 WL 793686 (S.D.N.Y. March 26, 2008); *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (*citing Mitsui & Co. Inc. v. Puerto Rico Water Resources Authority,* 79 F.R.D. 72, 80 (D.P.R. 1978); *Payne v. Howard,* 75 F.R.D. 465, 470 (D.D.C. 1977); *Wiesenberger v. W. E. Hutton & Co.,* 35 F.R.D. 556, 557 (S.D.N.Y. 1964)).

11.     Similarly like income tax returns such documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) that there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. *Chen v. Republic Restaurant Corp.,* 2008 U.S. Dist. Lexis 24000 *4, 2008 WL 793686 (S.D.N.Y. March 26, 2008).

12.     The Worker's Compensation application completed by Plaintiff is not relevant to this action therefore should not be admitted as evidence at trial.

13.     Because Plaintiff did not receive minimum wage and overtime pay despite working far more than 40 hours per week in every week of his employment, Plaintiff is entitled to both minimum wage and overtime pay for the entirety of his employment: from June 10, 2010 to July 24, 2013.

14.     An employer who fails to pay in accordance with the FLSA is "liable to the employee ... in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

15.     A Plaintiff is entitled to recover for violations of the Connecticut Minimum Wage

Act his unpaid wages, unpaid overtime compensation, an additional equal amount as liquidated, additional liquidated damages for unreasonably delayed payment of wages, reasonably attorneys' fees, and costs and disbursements.  Conn.Gen.Stat. §§ 31-68(a), 31-76).

16.     The statute of limitations under the FLSA is extended to a period of three (3) years for willful violations.  29 U.S. C. § 255(a).

17.     A violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677 (1988); *Reich v. Waldbaum, Inc.*, 52 F.3d  35, 39 (2d Cir. 1995); *Cooke v. General Dynamics Corp.*, 993 F.Supp. 56, 65 (D. Conn. 1997).

18.     Employers are required to keep and preserve records of employees' hours worked, and wages paid.  29 U.S.C. § 211(c), Conn.Gen.Stat. § 31-66.

19.     Connecticut employers are required to post a notice of the restaurant minimum wage order and regulations issued by the Labor Commissioner of the State of Connecticut. Conn.Gen.Stat. § 31-66, 31-71f.

20.     Connecticut employers are require to advise employees in writing, at the time of hiring of the rate of remuneration, hours of employment and wage payment schedules. Conn.Gen.Stat. § 31-71f.

21.     Defendants are in violation of Conn.Gen.Stat § 31-66, 31-71f with respect to Plaintiff.

22.     Employers are required to reimburse employees for expenses incurred in relation to tools of the trade.  See, 29 CFR §§531.3(d)(1) and (3), 531.32(c), 29 C.F.R. § 531.35;

Conn.Gen.Stat § 31-76b.

23.     Therefore, Plaintiff is entitled to a total damage of $104,022.60. Below is the

damages calculation of Plaintiff Pau.


## DAMAGES CALCULATION FOR PAU

As stated in the complaint, Plaintiff Pau was employed by Defendants as a driver and delivery man at China King. During the employment of Plaintiff Pau by Defendants, Plaintiff Wang was paid $2,200.00 per month. And Plaintiff worked a total of 80.5 hours a week.

| **Assumptions:** | | |
|---|---|---|
| | Period Worked | June 10, 2011 to July 24, 2013 |
| | Hours worked | 80.5 |
| | OT Hours worked | 40.5 |
| | Weeks worked | 111 |
| | Weekly Salary | $2,200x12/52=$507.69 |
| | CT Minimum wage per hour | $8.25 |
| | CT Overtime per hour | $12.375 |


## Unpaid Minimum Wage and Overtime

Unpaid MW and Overtime= ($8.25x40+$12.375x40.5-$507.69) x 111=$35,885.745

# BACK WAGE=PERIOD 1—PERIOD 2=$35,885.745
Federal liquidated Damages=$35,885.745

CT State Liquidated Damages= 100% of June 10, 2012 – July 24, 2013.
($8.25x40+$12.375x40.5-$507.69) x 58=$18,751.11

## Failure to Reimburse Expenses Relating To Tools of the Trade

$500x27months=$13,500

# Total=$104,022.60

Dated:   New York, New York                    HANG & ASSOCIATES, PLLC
         May 15, 2015

                                    By:    */s/ Jian Hang*
                                           Jian Hang, Esq.
                                           136-18 39th Avenue Suite 1003
                                           Flushing, New York 11354
                                           Tel.: (718) 353-8588
                                           Fax: (718) 353-6288
                                           *Attorneys for Plaintiff*