UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FUK LIN PAU,<br>    *Plaintiff,*<br>    *v.*<br>JIAN LE CHEN d/b/a "CHINA KING", NEW<br>CHINA KING LLC d/b/a "NEW CHINA KING",<br>FANG RONG ZHENG<br>    *Defendants.* | Civil No. 3:14cv841(JBA)<br><br>December 10, 2015 |

**RULING ON PLAINTIFF'S MOTION FOR FEES AND COSTS**

On October 21, 2015, after a one-day bench trial, the Court found Defendant Jian Le Chen liable to Plaintiff Fuk Lin Pau for violations of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"), and awarded Mr. Pau damages totaling $81,648.15. (Mem. of Decision [Doc. # 22] at 26.) Plaintiff now seeks [Doc. # 35] attorney's fees and costs of litigation totaling $28,980 and $1,894.50, respectively. Defendant, despite being given additional time to file his opposition, has failed to oppose the motion. For the reasons that follow, Plaintiff's motion [Doc. # 35] for attorneys' fees is granted.

**I.     Legal Standard**

"[T]he FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008); *see* 29 U.S.C. § 216(b) (providing that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). In determining appropriate attorney's fees, the Second Circuit has moved away from the "lodestar" approach, which multiplies an attorney's hourly rate and the number of hours he or she worked and adjusts the result, if necessary, to arrive at a reasonable

fee award, instead adopting a case-specific approach for determining a reasonable fee to award. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110 (2d Cir. 2007) ("*Arbor Hill I*"), *amended on other grounds by* 522 F.3d 182, 184 (2d Cir. 2008) ("*Arbor Hill II*"). Under this approach, district courts are directed to "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" in considering "what a reasonable, paying client would be willing to pay." *Id.* at 184. In doing so, courts should utilize both the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989),[1] as well as certain client-related factors:

> [T]he district court, in exercising its considerable discretion, [should] bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay.  In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.  The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill I*, 493 F.3d at 117–18.

---

[1] The *Johnson* factors include (1) the time and labor required by an attorney; (2) the novelty and difficulty of the questions presented by the litigation; (3) the level of skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney because of acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Once a court has determined the "presumptively reasonable fee," it "may still adjust that amount" upward or downward "based on relevant factors specific to the instant case," such as the level of success the plaintiff attained. *Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, No. 3:03-CV-599 (CFD), 2011 WL 721582, at *3 (D. Conn. Feb. 22, 2011); *see also Robinson v. City of New York*, No. 05 CIV. 9545 (GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009) ("Following the determination of the presumptively reasonable fee, the court must then consider whether an upward or downward adjustment of the fee is warranted based on factors such as the extent of plaintiffs' success in the litigation.").

## II.   Discussion

### A.   Presumptively Reasonable Fee

In determining a reasonable hourly rate in connection with an application for attorneys' fees, district courts attempt to "ascertain whether 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir. 1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

Plaintiff's attorney here, Jian Hang, seeks an hourly rate of $350/hour. Mr. Hang, who practices in Flushing, New York, attests that he has practiced law for almost ten years, during which time he has devoted about 70% of his practice to employment-related cases. (Hang Decl., Ex. 1 to Mot. for Fees ¶ 5.) The Court finds Mr. Hang's requested rate to be in line with fee requests approved by other courts in this District in connection with FLSA cases. *See e.g., Tapia v. Mateo*, 96 F. Supp. 3d 1, 6 (D. Conn. 2015) (awarding fee of $300/hour); *Morales v. Cancun Charlie's Rest.*, No. 3:07-CV-1836 (CFD), 2010 WL 7865081, at *9 (D. Conn. Nov. 23, 2010) (awarding $350/hour). The Court therefore awards Mr. Hang his requested rate of $350 an hour.

3

In addition, having reviewed Mr. Hang's billing records, the Court finds his request of compensation for 82.8 hours of work in connection with this case to be reasonable.

### B. Adjustments

Although the Supreme Court has "rejected a *per se* proportionality rule, i.e., proportionally linking the prevailing party's attorneys' fees to the degree of monetary success achieved, *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986), it has also held that "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained," *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).  Because "the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount" where the "plaintiff has achieved only partial or limited success," courts may need to adjust the presumptively reasonable rate downward. *Barfield v. N.Y. City Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). In this case, where Plaintiff has won a substantial sum of damages, the Court finds no reason to adjust the presumptively reasonable fee.

### C. Awardable Costs

Under Second Circuit precedent, awardable costs include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal citations omitted). Mr. Hang seeks compensation for $1,894.50 of expenses, for which he has provided invoices. The Court finds nothing objectionable about the costs Mr. Hang seeks.

**III.     Conclusion**

Mr. Hang's Motion [Doc. # 35] for Attorney's Fees and Costs is GRANTED. Mr. Hang is awarded $29,980 in attorney's fees and $1,894.50 in costs.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of December, 2015.